In the Matter of HUDSON & MANHAT-
TAN RAILROAD COMPANY,
Debtor.

In Proceedings for the Reorganization of
a Corporation Pursuant to Chapter X
of the Bankruptcy Act.

Herman T. STICHMAN, Trustee of Hud-
son & Manhattan Railroad Company,
Debtor, Petitioner,

v.

GENERAL GRIEVANCE COMMITTEE
OF THE BROTHERHOOD OF RAIL-
ROAD TRAINMEN, Hudson & Manhat-
tan Railroad Company; Lloyd G. Hat-
ler; William Sporer; and Francis Dea-
vis, Respondents.

United States District Court
S. D. New York.
Nov. 2, 1959.

McGoldrick, Dannett, Horowitz & Go-
lub, New York City, for petitioner.
Emanuel Dannett, William W. Golub,
Herbert D. Schwartzman, New York
City, of counsel.

Zelenko & Elkind, New York City, for
respondents. Arnold B. Elkind, New
York City, of counsel.

DAWSON, District Judge.

In this matter two motions were
brought on for hearing today. The first
motion is for an order to vacate the
temporary injunction herein, dated April
14, 1959, upon the ground that the Na-
tional Railroad Adjustment Board "will
not adjudicate the labor dispute between
the parties by October 31, 1959 or by any
other conceivable date within the next
five years." The second motion is for
an order to increase the security re-
quired on the injunction from $2,500 to
$451,500.

Argument has been had upon the mo-
tions. The Court has examined the pa-
pers submitted.

The only proof offered that the
National . Railroad Adjustment Board
will not adjudicate the dispute within
the next five years is a letter from the
Executive Secretary of the Board, sub-

mitted with the motion papers, in which he states that the record of cases advanced on the calendar of the National Railroad Adjustment Board indicates "that 5¼ years is the present average period of time between the docketing of a case and rendition of award."

Like so many statistics bandied about with reference to congestion in the courts, statistics as to the "average" period of time between the docketing of a case and the rendition of an award by the Railroad Adjustment Board are not very meaningful. Cases in courts and cases before administrative boards are not fungible articles. They vary in nature, degree and length of time required for hearing and adjudication. The letter of the Executive Secretary of the Railroad Adjustment Board upon which respondents rely is not very persuasive proof that the present case will not be determined for over five years. The Court would hope that a prompter determination can be reached. In any event, Congress has established this Board with power to adjudicate "minor" disputes and this Court has held that the present dispute is a "minor" dispute; and this determination and the injunction granted by this Court have been sustained by the Court of Appeals. 2 Cir., 267 F.2d 941.

It is conceded by the respondents that this preliminary injunction relates solely to the issues now before the Railroad Adjustment Board and that the temporary injunction will not infringe upon any other rights which the Railroad Brotherhood may have for self-help on any matters which might be described as "major" disputes. At the present time there is no indication that any such major dispute exists wherein the Brotherhood would seek the right to strike. If such occasion does arise in the future it would then be an appropriate time to bring on a motion to modify or vacate the present injunction.

The motion to vacate the injunction at the present time is denied.

It also seems that there is no reason for an increase in the security or in the bond which has been required. If the Adjustment Board decides that the railroad's interpretation of the present contract is erroneous the railroad employees will suffer no injustice because the Board can order restoration and back pay. Any such claims would not be prejudiced by the fact that the railroad is in reorganization for any such claims would be claims entitled to priority as part of the current business expenses of the railroad.

The motion for an increase in security for costs is also denied. So ordered.